By the Court.—Dugro, J.
There is no evidence that the plaintiffs’ testator, Bernard Reilly, was notified prior to the commission of the acts complained of that McDermott declined longer to be a surety. Service of the notice upon the undér-sheriff was not service upon the sheriff. Section 56, Act 5, Title II, Chap. Ill, Part III, Revised Statutes, does not apply to a notice given by a surety. The notice of the surety is not required to be served on the sheriff as such. If valid for any purpose it can only be made so by service upon the indemnified individually, and not as an official, for in legal effect the bond was to Bernard Reilly not to Bernard Reilly, as sheriff.
The acceptance of the bond of February 5th certainly discharged the former sureties, but this discharge was only, operative from the date of the acceptance of the later bond.
The condition of the bond in suit is that if the defendants keep harmless Bernard Reilly, touching the execution of such orders, etc., as shall be delivered to the defendant, Rufus Dodge, during the time the said Dodge “ shall or may, by virtue of the warrant aforesaid, use or exercise the * * office of deputy sheriff,” the bond shall be void, otherwise not, etc.
The action of the under-sheriff in notifying Dodge that he should receive no new business, did not operate *201 to prevent Dodge from using and exercising the office of deputy sheriff by virtue of the warrant, for it was in fact while he was exercising the office that the acts complained of were committed. The exercise of the office of deputy by Dodge, was always more or less controlled by the sheriff, and always properly limited by the business assigned him.
It was stipulated that if the sureties should be determined to be generally liable upon the bond, the amount of the recovery should be the sum of $985.02 with interest from June 6, 1885; the liability of the defendant Dodge to follow the stipulation as to amount.
The sureties were liable generally upon the bond, and the plaintiffs were entitled to judgment accordingly.
Judgment reversed, order of reference vacated and a new trial ordered, with costs to abide the event.
Sedgwick, Ch. J., and Truax, J., concurred.